1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  CRAIG ANDERSON,

11            Petitioner,                    No. CIV S-08-1751 KJM CHS P

12      vs.

13  D.K. SISTO,

14            Respondent.        FINDINGS AND RECOMMENDATIONS

15  _____/

16                    I.  INTRODUCTION

17            Petitioner Craig Anderson, a state prisoner, proceeds pro se with a petition for

18  writ of habeas corpus brought pursuant to 28 U.S.C. §2254.  Petitioner challenges the execution

19  of the indeterminate life sentence he is currently serving.  In particular, petitioner challenges a

20  2007 decision of the state parole authority that he was not suitable to be released on parole.

21                    II.  BACKGROUND

22            In 1986, a jury found petitioner guilty of first degree murder.  He was sentenced to

23  an indeterminate term of 25 years to life in state prison.  According to petitioner, his minimum

24  eligible parole date passed on March 12, 2002.

25            On March 30, 2007, a panel of the Board of Parole Hearings ("Board") conducted

26  a first subsequent (second overall) hearing to determine petitioner's suitability for parole.   After

1  considering various positive and negative suitability factors, the panel concluded that petitioner

2  would pose an unreasonable risk of danger to society if released, and thus that he was not suitable

3  for parole.

4         Petitioner sought habeas corpus relief in the San Mateo County Superior Court;

5  the petition was denied.  Petitions presented to the California Court of Appeal and the California

6  Supreme Court were likewise denied, but without written explanation.  This action followed.

7                              III.  ISSUES PRESENTED

8         Petitioner presents various "contentions" including (1) that California inmates

9  have a liberty interest in parole; (2) that the Board's decision was not supported by "some

10  evidence"; (3) that petitioner meets various circumstances tending to show parole suitability and

11  that he cannot comply to any greater degree; (4) that continued reliance on the facts of the crime

12  to deny parole is improper; and (5) that due process was violated when the Board exceeded their

13  statutory authority in denying parole.

14         For purposes of this opinion, all of petitioner's contentions will be addressed

15  within a single discussion regarding the process due under federal law at a parole suitability

16  hearing in California.

17              IV.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

18         An application for writ of habeas corpus by a person in custody under judgment of

19  a state court can be granted only for violations of the Constitution or laws of the United States.

20  28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v.*

21  *Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)).

22  This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to,

23  the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521

24  U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).  Under

25  AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in

26  state court proceedings unless the state court's adjudication of the claim:

1    (1) resulted in a decision that was contrary to, or involved an
     unreasonable application of, clearly established Federal law, as
2    determined by the Supreme Court of the United States; or

3    (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the
4    State court proceeding.

5    28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v.*

6    *Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

7                                    V.  DISCUSSION

8           The Due Process Clause of the Fourteenth Amendment prohibits state action that

9    deprives a person of life, liberty, or property without due process of law.  A person alleging a due

10   process violation must first demonstrate that he or she was deprived of a protected liberty or

11   property interest, and then show that the procedures attendant upon the deprivation were not

12   constitutionally sufficient.  *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 459-60

13   (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

14          A protected liberty interest may arise from either the Due Process Clause itself or

15   from state laws.  *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  The United States

16   Constitution does not, in and of itself, create for prisoners a protected liberty interest in the

17   receipt of a parole date.  *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of*

18   *Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

19   person to be conditionally released before expiration of a valid sentence.").  Where a state's

20   statutory parole scheme uses mandatory language, however, it "'creates a presumption that parole

21   release will be granted' when or unless certain designated findings are made," thereby giving rise

22   to a constitutional liberty interest.  *McQuillion*, 306 F.3d at 901 (*quoting Greenholtz*, 442 U.S. at

23   12).

24          With respect to the laws of California, petitioner is correct that the state's parole

25   statutes give rise to a liberty interest protected by the federal due process clause.  *See, e.g., Pirtle*

26   *v. Cal. Bd. of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010) (overruled on other grounds);

                                         3

1    *see also Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) ("[T]he Ninth Circuit held that

2    California law creates a liberty interest in parole[.] While we have no need to review that holding

3    here, it is a reasonable application of our cases." (citation omitted)).

4              The full panoply of rights afforded a defendant in a criminal proceeding is not

5    constitutionally mandated in the context of a parole proceeding.  *See Pedro v. Or. Parole Bd.*,

6    825 F.2d 1396, 1398-99 (9th Cir. 1987); *see also Swarthout*, 131 S. Ct. at 862 ("In the context of

7    parole, we have held that the procedures required are minimal.")  The Supreme Court has held

8    that a parole board's procedures are constitutionally adequate if the inmate is given an

9    opportunity to be heard and a decision informing him of the reasons he did not qualify for parole.

10   *Swarthout*, 131 S. Ct. at 862 (citing *Greenholtz*, 442 U.S. at 16).

11             As a matter of *state* law, denial of parole to California inmates must be supported

12   by at least "some evidence" demonstrating future dangerousness.  *See, e.g., In re Lawrence*, 44

13   Cal.4th 1181 (2008);  *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).  California's

14   requirement that  "some evidence" support a parole decision is a substantive state right that is not

15   protected by the federal due process clause.  *Swarthout*, 131 S. Ct. at 862-63.  Rather, in the

16   parole suitability context, "the only federal right at issue is procedural."  *Id*. at 863.

17             In this case, the record reflects that petitioner was present at his 2007 parole

18   suitability hearing, that he participated in the hearing, and that he was provided with the reasons

19   for the Board's decision to deny parole.  As discussed, the federal Due Process Clause requires

20   no more.  Accordingly, petitioner's contentions that the Board's decision was unsupported by

21   "some evidence," that the Board improperly relied on the facts of the crime, and that various

22   circumstances tended to show his suitability for parole do not warrant relief.

23             In addition, as already set forth, alleged violations of state law are not cognizable

24   in this federal habeas corpus petition.  *See Estelle*, 502 U.S. at 67-68.  A state law claim is not

25   transformed into a federal claim merely by citation to the federal due process clause.  *Poland v.*

26   *Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal due process clause does not repackage a state

law error into a federal question).  Accordingly, no relief is available for petitioner's final

contention that due process was violated when the Board's exceeded statutory authority under

state law.

## VI.  CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the application

for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-

one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within seven days after service of the objections.  Failure to file

objections within the specified time may waive the right to appeal the District Court's order.

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

DATED: February 17, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE